[774 NYS2d 210]

In the Matter of Joi M. Cary, an Attorney, Respondent. Griev-
ance Committee of the Seventh Judicial District,
Petitioner.

Fourth Department, February 11, 2004

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Associate Counsel, Seventh Judicial
District Grievance Committee*, Rochester, for petitioner.

*Joi M. Cary*, Fairport, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 13, 1994, and maintains an office for the practice of law in Fairport. The Grievance Committee filed a petition charging respondent with acts of misconduct including conversion and misrepresentation. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to amend the petition. After the hearing, the Referee submitted a report, which the Grievance Committee moves to confirm. Respondent failed to file any papers in response to the Grievance Committee's motion and failed to appear before this Court on the return date of the motion to submit matters in mitigation.

The evidence presented at the hearing established that respondent commingled personal funds with client funds and third-party funds; failed to keep proper and necessary records for her attorney trust account; made improper on-line transfers from her attorney trust account to her business operating account, at times to cover deficits in her business operating account; and paid her attorney registration fees from funds in her attorney trust account. In addition, respondent neglected the matters of two clients by failing to complete either matter and failing to communicate with the clients therein. In one of those matters, respondent misrepresented to the client that the matter was being actively pursued in court. Respondent also failed to cooperate with the Grievance Committee and, instead, responded to inquiries in an untimely and incomplete fashion. Finally, respondent failed to stay current in her attorney registration and fees.

We confirm the Referee's findings of fact and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to her;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from her business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client or third person coming into her possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts;

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals by bank transfer without obtaining the prior written approval of the party entitled to the proceeds; and

DR 9-102 (i) (22 NYCRR 1200.46 [i])—failing to produce in response to a subpoena issued in connection with the Grievance Committee's investigation financial records required by the disciplinary rules to be maintained.

Additionally, by failing to comply with attorney registration requirements, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1.

We have considered the matters raised by respondent in mitigation at the hearing before the Referee. We note, however, the Referee's finding that respondent failed to present any evidence supporting her alleged health problems or establishing a causal connection between her health problems and her misconduct. Additionally, we have considered respondent's failure to appear before this Court or otherwise to respond to the Grievance Committee's motion. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for three years and until further order of the Court. Additionally, we direct respondent to make restitution in accordance with the order entered herewith.

PINE, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of suspension entered.